## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF ARKANSAS
### Central Division

MARQUATA BLACK

        Petitioner,

   vs.                        Case No: 4:18-cr-00030-KGB

UNITED STATES OF AMERICA

        Respondent.

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255.

Petitioner, Marquata Black, moves this Court pro-se for an order vacating the sentence in this case, and placing her back in the position she would have been in had counsel provided effective assistance of counsel.

### CASE SUMMARY

On February 6, 2018, the defendant was charged in a one count Indictment with knowingly and intentionally possessing with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of

1

methamphetamine, pursuant to Title 21, United States Code Sections 841(a)(1) and (b)(1)(B).

A jury trial began on September 16, 2021. (Doc. No. 57). A jury was impaneled, and the United States called three witnesses. Court was adjourned for the day and scheduled to resume on September 17, 2021. (Id.). On the morning of September 17, 2021, the defendant entered a plea of guilty to the Indictment and was remanded to the custody of the United States Marshall. (Doc. No. 58). The Court subsequently imposed a term of 188 months imprisonment as a result of the plea in this case. Judgement was entered on May 6, 2022.

## SUMMARY OF THE ARGUMENT

Ms. Black was denied her constitutional right to effective assistance of counsel during the plea-bargaining stage of the case. Counsel failed to give Ms. Black the constitutionally required advice regarding her case, the law, facts, and circumstances of the case.

The issue before this Court is whether or not Black was given the correct legal advice that she was entitled to in deciding whether or not to enter a plea of guilt. Counsel also failed to give Ms. Black advice and review the case, the evidence, and discuss the probability of an acquittal at the time the government made an offer of 10 years imprisonment.

This case is similar to that in which the Supreme Court ruled on in ***Lafler v. Cooper***, 566 U.S. 156 (2012), as it related to faulty legal advice during the pretrial process.

## GROUND ONE

**MS. BLACK WAS DENIED HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DURING THE PRE-TRIAL PROCESS IN THIS CASE AS A RESULT OF COUNSELS FAILURE TO INVESTIGATE THE LAW, FACTS, AND CIRCUMSTANCES OF MS. BLACK'S CASE, AND THEN PROVIDE HER WITH THE PROFESSIONAL LEGAL ADVICE SHE WAS ENTITLED TO IN DECIDING ON HOW TO DEAL WITH THE GOVERNMENTS PLEA OFFER.**

A. **Counsel William O. James failed to provide Ms. Black with the correct professional legal advice that she was entitled to in deciding whether or not to accept the government's plea offer. This was a direct result of counsel's failure to investigate the facts of the case prior to advising Ms. Black on how to deal with the prosecutions offer. Counsel acting under professional norms would have looked into the law, facts, and sentencing exposure the client was facing prior to advising the client on how to deal with the offer.**

I. **APPLICABLE LEGAL PRINCIPLES**

The legal standards governing ineffective assistance of counsel claims is outlined in ***Strickland v. Washington***, 466 U.S. 668, 686. 104 S.Ct. 2055 (1984). The Supreme Court made clear that a petitioner making a claim of ineffective assistance of counsel must demonstrate, (1) that his attorney performed deficiently, and (2) that he was prejudiced by that deficient performance. The purpose of the

Sixth Amendment is to ensure that defendants have "effective assistance of counsel," *Strickland* @ 686 quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970), that is the assistance necessary to justify reliance on the outcome of the proceeding. *Strickland* @ 691-92.

The Constitutional guarantee of assistance of counsel cannot be satisfied by mere formal appointment, *Avery v. Alabama*, 308 U.S. 444, 446, 60 S. Ct. 321 (1990). Thus, in *McMann*, the Court indicated that the accused is entitled to a "reasonable competent attorney," 397 U.S. 770, whose advice is "within the range of competence demanded of attorneys in criminal cases." Id. @ 771. In *Cuyler v. Sullivan*, 466 U.S. § 335, (1980), the Court held that the constitution guarantees an accused, "adequate legal assistance." Id @ 334.

The decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case, and counsel may and "**must give the client the benefit of counsels professional advice on this crucial decision.**" (Internal quotation marks omitted.). *United States v. Gordon*, 156 F.3d § 376, 381 (2nd Cir. 1998). The Fifth Circuit has found "When a lawyer advises his client to plea bargain to an offense which the attorney has not investigated, [s]uch conduct is always unreasonable." See also *Bower v. Quarterman*, 497 F.3d 459, 467 (5th Cir. 2007) (defense counsel has a duty to independently investigate the charges against his client). See *Garmon v. Lockhart*,

938 F.2d 120 (8th Cir. 1990); ***Hill v. Lockhart***, 894 F.2d 1009 (8th Cir. 1990);

***Wantee v. Ault***, 259 F.3d 700, 702 (8th Cir. 2001).

## II. ANALYSIS

### A. Strickland's First Prong - Deficient performance

Ms. Black was represented by Defense Attorney William O. James, Jr. As a
result of the charges Counsel entered into plea negotiations with the AUSA. As a
result of those negotiations Counsel presented Black with a plea offer for 10 years.
Black had asked counsel on numerous occasions to go over the evidence with her.
She specifically asked that Counsel review the video footage with her related to the
case as it would have supported her position regarding the narcotics at issue in the
case and her knowledge. Counsel failed to do so. Moreover, counsel gave Ms.
Black no advice as to whether or not she should accept the plea offer made by the
government. Furthermore, counsel never explained to Ms. Black the probability of
a conviction if she proceeded to trial and never discussed the sentencing exposure
that she was facing in the event she proceeded to trial See Exhibit A. At one point
in this case Ms. Black told her attorney she felt that he did not have her best
interest at heart and that she wanted a new attorney.

She has attested that had counsel given her the correct legal advice, and
discussed the reasonable probability of a conviction along with the sentencing
exposure she was facing she would have accepted the 10-year plea offer. See

Exhibit A. This is supported by the fact that Ms. Black entered a plea of guilt in this case during the middle of trial. Here the government had called three witnesses and once they testified counsel now finally advised Ms. Black that it was looking as if she would be found guilty. See Exhibit A. Counsel at this time also advised Ms. Black that if she were found guilty she would be facing over 20 years and possibly a life sentence. Counsel advised that Ms. Black should plead guilty to avoid that exposure. Ms. Black now finally given advice agreed with counsel and entered a plea of guilty.

Here had counsel given Ms. Black the proper legal advice after a through investigation of the facts, laws, and circumstances of the case she would have accepted the government's offer. Counsel did no investigation in this case prior to the time the offer was made and as a result was not able to advise Ms. Black properly on the case.

Had Counsel done a proper investigation Counsel would have been able to give his client correct legal advice and certainly would have discussed the evidence, facts, circumstances, likelihood of being found guilty as well as the correct sentencing exposure she was facing. Armed with that information Ms. Black has attested she would have accepted the government's offer in this case. Even absent a plea based on the actual sentencing in this case Mr. Black would have been awarded (3) three points for acceptance of responsibility, with a criminal

history score of 0 and would have been in the guideline range of 135-168 months of imprisonment.

What does the law tell us in this case?  It tells us that based on the facts Black was deprived of her Sixth Amendment right to effective assistance of counsel during the plea and pretrial process of this case.

What is different in this case than that in ***Lafler v. Cooper 566 U.S. 156 (2012)***?

In ***Lafler v. Cooper***, the Supreme Court again acknowledged the right to effective counsel during the plea process. In ***Lafler***, the favorable plea offer was reported to the client but was rejected based on the **erroneous advice of counsel**. The Court held that "**if a plea bargain had been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it**. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." ***Lafler***, p. 8. ***Lafler***, arose out of a state habeas petition in which the defendant argued his trial attorney was ineffective because he gave him obviously incorrect advice regarding a plea offer which led to ***Lafler's*** rejection of the plea. ***Lafler*** then proceeded to trial, was convicted and received a sentence 3½ times higher than that offered in the rejected plea. The State conceded that the

advice was incorrect and that counsel's poor advice sufficed to make out a claim of ineffective assistance.

In deciding, ***Lafler***, the Supreme Court re-affirmed their earlier holding in ***Hill v. Lockhart***, and its progeny that established that ***Strickland's*** two-pronged test governs ineffective assistance of counsel claims in the plea bargain context. They also re-affirmed that the plea-bargaining process is a critical stage of a criminal prosecution during which defendants are entitled to the effective assistance of counsel. In so holding, the Court recognized the importance of the period during which plea bargaining takes place and that proper advice from counsel as to whether a defendant should accept or reject a plea is critical to that process.

Counsel must give the client professional legal advice on how to deal with the government's offer related to plea offers. That advice must come through a proper investigation of the law, facts, and circumstances of the case. There is no doubt that this did not happen in this case. It is hard to imagine a better case than the case before this Court. The ***Strickland*** framework for evaluating trial counsel's ineffectiveness applies to advice regarding whether to plead guilty. ***Padilla v. Kentucky***, 130 S.Ct. 1473 (2010); ***Hill v. Lockhart***, 474 U.S. at 58-59.

Counsel clearly failed in three regards in this case – (1) counsel failed to investigate the law, facts, and circumstances of the case, (2) as a result of that

failure counsel failed to give his client constitutionally effective advice on how to deal with the government's offer, and (3) counsel failed to go over the evidence and discuss the sentencing exposure Black was facing and probability of conviction if she rejected the offer. Here, Ms. Black was denied her right to be fully informed so that she could make an informed decision on how to deal with the government's offer.

Under the first prong of *Strickland* - the performance prong the inquiry is "contextual" and "asks" whether defense counsel's unprofessional errors were objectively reasonable considering all the circumstances, *Purdy v. United States*, 208 F.3d § 41, 44 (2nd Cir. 2000), (citing *Strickland* @ 688). In determining what constitutes objective reasonableness courts look for guidance to prevailing professional norms of practice as reflected in American Bar Association Standards, Id, quoting *Strickland* @ 688. According to *Knowles v. Mirzayance*, 129 S.Ct. § 1411 @1420 (2009). "The proper measure of attorney performance remains simply reasonableness under professional norms" (quotation marks omitted.). Courts also consider the "basic duties" of defense counsel as described in Supreme Court cases before *Strickland*, 466 U.S. § 688.

Attorney errors that fall below and objective standard of reasonableness "include omissions that cannot be explained convincingly as resulting from sound

trial strategy, but instead arose from oversight, carelessness, ineptitude, or laziness. ***Wilson v. Mazzuca***, 570 F3d § 490 @ 502 (2nd Cir. 2009).

Among three basic duties of a defense attorney are the duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." ***Strickland*** @ 688.  The professional norms of conduct "provide at least two benchmarks for the representation of a client who is deciding whether to accept a plea offer," ***Purdy*** @44. The Model Rules of Professional Conduct provide that a "lawyer shall explain a matter to the extent reasonably unnecessary to permit the client to make informed decisions regarding the representation." Id @45, quoting the Model Rules of Professional Conduct Rule 1.4 (b) 1995).

In ***Lafler v. Cooper***, Supra the Court made clear, "If a plea bargain has been offered a defendant has the right to effective assistance of counsel in considering whether to accept it." The Court in ***Lafler*** also held, "defendants cannot be presumed to make critical decisions related to a plea offer without counsel's advice. In a pre-***Strickland*** case, the Supreme Court described the duty to "provide informed advice "on a plea offer as one of the basic functions of defense counsel: prior to trial an <u>accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings, and laws involved and then</u>

offer his informed opinion. ***VonMoltke v. Gillies***, 332 U.S. § 708, 721 (1948).

There is now way to circumvent the facts in Ms. Black's case.

In fact, the Supreme Court has held that a defendant "requires the guiding hand of counsel at every step in the proceedings against him." ***Powell v. Alabama*** 287 U.S. § 45, 69 (1963). Furthermore, the right to counsel is the right to effective assistance of counsel." ***McMann v. Richardson***, 397 U.S. § 759, 771 n.14 (1970). (*emphasis added*).

Ms. Black's case is a text-book example of what ineffective assistance of counsel is during the plea negotiation process. Based on the above-mentioned facts it is clear that Ms. Black has met ***Strickland's*** first prong - deficient performance.

### B. *Strickland's* 2nd Prong – Prejudice

The Second ***Strickland*** prong requires a showing of prejudice. See ***Rouse v. Foster, 672 F.2d 649, 651 (8th Cir. 1982)*** (defendant must show that misinformation affected decision to plead guilty and that the defendant would not have pled but for the misadvise.) See also United States v. Lee, 715 F.3d 215, 222 (8th Cir. 2013).

The Supreme Court in ***Glover v. United States***, 531 U.S. § 198 (2001), held that any additional time in jail demonstrates prejudice.

The prejudice in this case is obvious. Here, Black has attested that had her attorney given her correct legal advice she would have entered a plea of guilty that came with a sentencing exposure of 120 months, See Exhibit A.

The prejudice here is evident by the facts. Ms. Black did not enter into the plea offer based on the fact that counsel did not give her the advice that she was entitled to so that she could make an informed decision. Counsels lack of advice and failure to discuss the facts, and sentencing exposure she would be facing if she proceeded to trial prejudiced Ms. Black. For example, she lost 3 points for acceptance of responsibility that would have come with a much lower range even absent the plea offer in this case. Clearly, counsel's failures to investigate the laws, facts, and circumstances of the case and then give Ms. Black correct legal advice so that she could make an informed decision regarding the governments offer, prevented Black from making that informed decision. Counsel's erroneous legal advice effected the outcome of this case in many respects including the sentencing in this case. Thus, Black has met ***Strickland's*** 2nd prong - proof of prejudice.

Ms. Black has made allegations that if proven true would entitle her to relief. Thus, at the very least this court should order a hearing for further fact finding to determine what happened between counsel and his client. ***Machibroda v. United States***, 368 U.S. § 487, 493-95 (1962), reminds us that 28 U.S.C. § 2255 commands:

> Unless the motion and the files and the records of
> the case conclusively show that the prisoner is entitled to
> no relief, the court shall ***grant a prompt hearing
> thereon, determine the issues and make findings of fact
> and conclusions of law with respect thereto.

The requirement that an evidentiary hearing be held, "Unless the motion and the files and records show conclusively that movant is not entitled to relief," is not a "high bar" for habeas petitioners to meet." United S ***United States v. Lily***, 536 F.3d § 190, 195 (3rd Cir. 2008), United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992), ***Armenti v. United States***, 234 F.3d § 820, 825 (2nd Cir. 2000), precisely the kind of allegations that cannot "ordinarily be resolved ...without...a hearing. See Holder v. United States, 721 F.3d 979, 993 (8th Cir. 2013), "a petitioner is entitled to an evidentiary hearing on a §2255 motion unless the motion and the files and the records of the case conclusively show that the petitioner is entitled to no relief."

Nothing in the record refutes Ms. Black's allegations, rather the record and law supports her allegations.

## CONCLUSION

Ms. Black has demonstrated that her attorney performed deficiently, and that she was prejudiced as a result of that performance. Black has demonstrated to this court a text book example of what ineffective assistance of counsel is in the pretrial

plea process. Moreover, she has met Strickland's two-pronged test, and requests that this Court grant her relief by dismissing the conviction and sentence imposed and remanding the case for further proceedings. The appropriate remedy here is one that would put Black back in the position she would have been in had counsel not performed deficiently.

Respectfully Submitted,

Marquata Black

Dated: April 17, 2021

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF ARKANSAS
### Central Division

_____

MARQUATA BLACK

          Petitioner,

   vs.                               Case No: 4:18-cr-00030-KGB

UNITED STATES OF AMERICA

          Respondent.

_____

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR
## RELIEF PURSUANT TO 28 U.S.C. § 2255.

1. I am Marquata Black the person in the attached application for relief pursuant to 28 U.S.C.§2255.

2. I was arrested and charged with violating federal drug laws. I was represented by Attorney William O. James.

3. During the course of the case there was a plea offer of 10 years in the event I would plead guilty. My attorney never discussed the evidence with me. I specifically asked that he allow me to review the video footage of the arrest and counsel never allowed me to do so.

4. In addition, counsel never discussed the likelihood of guilt in the event I went to trial. We did little to none in discussing the evidence against me prior to trial, and I was never informed of the actual time I was facing prior

1

to trial in the event I was found guilty. Had my attorney done so I would have entered into the plea agreement in this case.

5. I ended up entering a plea of guilt after the trial started because that was the time that my attorney advised me of all of the facts and what I was facing. Had he done so during the plea negotiation stage I would have accepted the offer.

Signed under the penalty of perjury
this 17 day of April 2023

Marquata Black