**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **Case No. 4:18-cr-00030-KGB**

**MARQUATA PATRICE BLACK** **DEFENDANT**

**ORDER**

Before the Court is Marquata Patrice Black's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody (Dkt. No. 74). The government responded in opposition to the motion (Dkt. No. 83). Black filed a reply (Dkt. No. 87). The Court considers Black's reply to be an amendment to her initial motion, directs the government to file a supplemental response to the reply, and will set an evidentiary hearing date to be conducted on a date after the government files its supplemental response.

**I. Background**

On January 20, 2018, Trooper Mark Blackerby of the Arkansas State Police stopped Black for a traffic violation on Interstate 40 in Lonoke County (Dkt. No. 1, at 3). Suspecting Black was involved in narcotics trafficking, Blackerby brought out Raptor, his police dog trained in narcotics detection (*Id.*). After Raptor alerted to the presence of narcotics in Black's rental SUV, Blackerby opened the rear hatch of the vehicle (*Id.*). Inside the cargo storage area, he discovered a cardboard box with eight vacuum-sealed packages of suspected methamphetamine (*Id.*). The dash camera in Trooper Blackerby's patrol car audio and video-recorded the traffic stop and search of the vehicle.

Black was charged by indictment with one count of knowingly and intentionally possessing with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Dkt. No. 7). She initially pled not guilty to the indictment and exercised her right to demand a jury trial (Dkt. No.

10). The jury trial began on September 16, 2021, and was expected to take two to three days (Dkt. 72, at 1, 14). On the first day of trial, the government called its first three witnesses. After Court was adjourned for the day, Black decided to amend her plea (Dkt. No. 73). On September 17, 2021, Black pled guilty to the indictment; there is no written plea agreement (*Id.*).

Considering the United States Sentencing Guidelines with an advisory sentencing range of 188 to 235 months of imprisonment and supervised release of five years to life, the Court sentenced Black to 188 months of imprisonment and to five years of supervised release. Black did not appeal her sentence (Dkt. No. 79, at 38). After the United States Sentencing Commission retroactively lowered the Guidelines range to 151 to 188 months of imprisonment, the Court reduced Black's term of imprisonment to 151 months (Dkt. No. 85). She now asserts that she received ineffective assistance of counsel during plea negotiations and with respect to an appeal (Dkt. Nos. 75; 87).

## II. Amendment To Initial Motion

Federal Rule of Civil Procedure 15(a) governs requests to amend § 2255 motions before the district court enters judgment. *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). A party may amend with the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Furthermore, "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (internal quotations omitted). "A key factor in determining whether a petition should be considered second or successive is whether a prior petition has been adjudicated on the merits." *United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (internal citations and quotations omitted). In *Sellner*, the Eighth Circuit held that, if a *pro se* petitioner files a second § 2255 motion while the first is still pending before the Court, the second § 2255 motion is not barred by the Antiterrorism and Effective Death Penalty

Act ("ADEPA"), 28 U.S.C. § 2255(h), as a second or successive filing and should be construed as a motion to amend. *Sellner*, 773 F.3d at 931–32.

At the time Black filed her reply to response (Dkt. No. 87), her initial § 2255 motion had not been adjudicated by this Court on the merits or dismissed with prejudice (Dkt. No. 74). Taking into consideration the language in Black's reply to response, Black does not reply directly to the government's response but rather sets forth largely the same claims as she does in her initial motion and adds new factual allegations in support of her claims of ineffective assistance of counsel. However, Black also now specifically contends in her reply that her counsel was ineffective by failing to file a notice of direct appeal on her behalf (Dkt. No. 87, at 3–4).[1] Liberally construing Black's reply to response, the Court construes Black's reply as an amendment to her initial motion. The Court directs the government to file a supplemental response to the reply and to address, among any other matters the government may choose, Black's contention that her counsel failed to file notice of a direct appeal.

**III. Evidentiary Hearing**

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" *Holder v. United States,* 721 F.3d 979, 993 (8th Cir. 2013) (alternation in original) (quoting 28 U.S.C. § 2255). Evidentiary hearings are preferred and generally necessary when there is a factual dispute. *Thomas v. United States,* 737 F.3d 1202, 1206 (8th Cir. 2013) (citation omitted). Because

[1] An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required. *Watson v. United States,* 493 F.3d 960, 963–64 (8th Cir. 2007) (citing *Roe v. Flores–Ortega,* 528 U.S. 470, 477, 483–84 (2000)). Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so. *Id.* at 964.

credibility determinations based solely on the affidavits are not permitted, an evidentiary hearing is required when the decision is based on a credibility finding. *Id.* (citation omitted). "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists. The district court is not permitted to make a credibility determination on the affidavits alone." *Sellner*, 773 F.3d at 929 (internal citation omitted) (quoting *Thomas*, 737 F.3d at 1206).

An evidentiary hearing, however, is not required in two circumstances:

> (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

*Sanders v. United States,* 341 F.3d 720, 722 (8th Cir. 2003) (quotations omitted).

Because credibility determinations based solely on affidavits are not permitted, the Court anticipates that an evidentiary hearing will be necessary to determine whether Black carries her burden to demonstrate that James provided Black ineffective assistance of counsel. The Court will set an evidentiary hearing to be conducted on a date after the government files its supplemental response.

**IV. Conclusion**

For the foregoing reasons, the Court directs the government to file a supplemental response to the reply and will set an evidentiary hearing date, with the hearing to be conducted on a date after the government files its supplemental response. At this time, the Court declines to rule on Black's motion (Dkt. Nos. 74; 87), holds the motion under advisement, and will issue a ruling following an evidentiary hearing. The Court directs the Clerk of Court to consider Black's reply to response (Dkt. No. 87) as an amendment to Black's initial motion to vacate, set aside, or correct sentence (Dkt. No. 74).

It is so ordered this 6th day of October, 2026.

Kristine G. Baker
Chief United States District Judge